

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 20, 1939

Honorable Charles S. McMillan
County Attorney
San Augustine, Texas

Dear Sir:

Opinion No. 0-774
Re: Whether or not scrip issued in the purchase of gasoline and machinery to be used in road construction may be used in the payment of road and bridge taxes.

We are in receipt of your letter of May 6, 1939, wherein you request our opinion in response to the following three questions:

"1. 'May sellers of material to the county for use in road construction, maintenance, and repairs use scrip issued for this material in payment of their road and bridge tax levied under Article 7048, Vernon's Annt. Civil Statutes?'

"2. 'If Article 7048 is a restriction upon such method of payment, does the said article apply to the payment of taxes that are levied under Article 6790, where the levy is made under a different chapter?'

"3. 'Is an agreement between the seller of this material to the county, valid, where the County Judge, the Commissioners' Court, and the Tax Collector of this county agree to accept the scrip issued to the seller of this material in payment of taxes due the county



for the General Road and Bridge Tax,
and the Special Road and Bridge Tax
for the political subdivision where
the land is situate?'"

Accompanying your request is a letter from Judge
R. M. Stripling, addressed to you, from which it appears
that the script concerned in your question is that issued
in payment for road building machinery and gasoline used
in road building work.

Articles 6790 and 6795, Revised Civil Statutes,
make provisions for the calling of elections to determine
whether road taxes not to exceed fifteen cents (15¢) on
the one hundred dollars' worth of property shall be levied
in counties or political subdivisions or defined districts
of counties. There is no statute authorizing the use of
script of any kind in the payment of taxes levied under
the provisions of these articles. Article 7048, R.C.S.,
among other things, provides for the levy of a tax of fif-
teen cents (15¢) on the one hundred dollars' valuation
for roads and bridges. Article 7049, R.C.S., reads as
follows:

"The taxes levied by this chap-
ter are payable in currency or coin
of the United States; provided, that
persons holding scrip issued to them
for services rendered the county may
pay their county ad valorem taxes in
such scrip(t)."

Since the script, with which we are concerned
in this opinion, was not issued for services rendered the
county, said Article, 7049, furnishes no authority for the
use of the same in the payment of any taxes.

Article 2122, R.C.S., provides for the use of
script issued for jury service to be used in the payment
of county taxes. In Chapter 3, Title 15, being Articles
1037 and 1060, Code of Criminal Procedure, we find author-
ity for the use of script issued to grand jurors, district
jurors, county jurors, justice court jurors and script is-
sued to the sheriff or to merchants for food and lodging
of jurors, and for medical bills and funeral expenses of
prisoners and to justices of the peace for trial fees and
inquest fees to be used in the payment of county taxes.

Honorable Charles S. McMillan, May 20, 1939, Page 3

Nowhere in the statutes, however, is found any
authority for the use of the script to which you refer
in the payment of any character of taxes.

"The general rule is that the tax
collector must accept money only unless
the statute permits him to receive some-
thing different. Money is always under-
stood in the tax laws when nothing else
is mentioned." Cooley on Taxation, 4th
Ed., Section 1252.

"In R.C.L., Volume 26, Section 337,
is found the following language:

"'It is well settled that
no right exists in law or equity
to set off against taxes a debt
of equal amount due to the tax-
payer from the municipality to
which the tax is payable. Taxes
are levied to raise money for
specific purposes, as indicated
by the appropriations of the cur-
rent year, and a taxpayer cannot,
by exercising the right of set-
off, divert the taxes to another
purpose, namely the payment of
the debt due to him.'

"To the same effect is the following
language from 61 C.J. 965:

"'The Legislature has power
to prescribe the kind of funds
in which taxes shall be payable,
and may declare that only gold
and silver coin shall be receiv-
able for this purpose. But in
the absence of such a restriction,
taxes may be paid in any lawful
current money, although the col-
lector has no authority to accept
anything else, unless specially
allowed by law'"

In the case of Dallas Joint Stock Land Bank vs.
Ellis County Levee Improvement District No. 3, 65 S.W.

Honorable Charles S. McMillan, May 20, 1939, Page 4

(2) 227, the improvement district sued the Joint Stock Land Bank for delinquent taxes. The latter attempted to set off certain past due bonds issued by the improvement district and which were owned by the bank. The court held that such set-off could not be had. We quote from the opinion as follows:

> "The general rule of law is that a claim against the state or municipality cannot be set off against a tax demand. Cooley on Taxation (2d Ed.) 17. A tax is not a debt in the usual and ordinary sense of the word. City of New Orleans vs. Davidson, 30 La. Ann. 541, 31 Am. Rep. 228; Cooley on Taxation (2d Ed.) 15.

> "'The general rule, based on grounds of public policy, is well settled that no set-off is admissible - against demands for taxes levied for general or local governmental purposes.' 24 R.C.L., p. 817.

> "In 37 C.J., at page 381, the rule is stated as follows: 'In an action for taxes set-off of an indebtedness of the state or municipality to the tax debtor will not be allowed, the statutes of set-off being construed in the light of public policy as not allowing the remedy in proceedings for this purpose, unless expressly authorized by statute.' Numerous authorities are cited in support of the text."

Your first question is answered in the negative.

Addressing ourselves to your second question, we beg to advise that it is immaterial whether Article 7049 is a restriction upon the use of such script in the payment of taxes levied under Article 6790, since in no event can such script be so used.

Honorable Charles S. McMillan, May 20, 1939, Page 5

Your third question is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*
Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

GRL:FG

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS